UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| Case No. | CV 11-8851 DSF (VBKx) | Date | 6/15/12 |
|---|---|---|---|

| Title | Thomas E. Alexander, et al. v. Incway Corporation, et al. |
|---|---|

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order to Show Cause re Sanctions for Violation of Court Order

On May 30, 2012, Defendants' counsel filed a document titled Notice of Unavailability of Counsel. This Court's Standing Order, filed in this case on November 22, 2011, provides:

>     **20.  "Notice of Unavailability"**
>     While the Court expects that counsel will conduct themselves appropriately and will not deliberately schedule Court or other proceedings when opposing counsel are unavailable, a "Notice of Unavailability" has no force or effect in this Court. Such documents should not be filed.

The filing of the Notice of Unavailability violates this Court's Standing Order. Moreover, to the extent the Notice was meant to communicate with the Court, it is inappropriate. Counsel lacks the authority to usurp the Court's control of its own docket.

Moreover, it is entirely inappropriate for counsel to suggest that this Court would impose sanctions under these circumstances. Contrary to the suggestion in the Notice, Tenderloin Housing Clinic, Inc. v. Sparks, 8 Cal. App. 4th 299 (1992) provides no basis for filing such a Notice, even in California state courts. Carl v. Superior Court, 157 Cal. App. 4th 73 (2007); In re Marriage of Falcone, 164 Cal. App. 4th 814, 824 (2008). It certainly has no effect in this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Counsel is ordered to show cause in writing no later than July 2, 2012 why he should not be sanctioned in the amount of $250 payable to the Clerk of the Court for violation of this Court's Standing Order.  Payment of $250 to the Clerk of the Court by July 2 will be a sufficient response to this Order to Show Cause.

IT IS SO ORDERED.